UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST MYERS, LLC,

Plaintiff,

vs. Case No.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

Defendants.
______________________________/

## PLAINTIFF'S BREACH OF CONTRACT COMPLAINT

**COMES NOW**, Plaintiff, FIRST MYERS, LLC (hereinafter, "Plaintiff"), who files this Original Complaint against Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY (hereinafter, "Defendant"), and in support of the cause of action asserted herein, respectfully show the Court the following:

## PARTIES, JURISDICTION & VENUE

1. This action arises under the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001, et seq. (hereinafter, "NFIA"), Federal regulations and common law, and the flood insurance policy (hereinafter, "Policy") that Defendant

issued to Plaintiff pursuant to the NFIA. The Policy covered losses to Plaintiff's property located in this judicial district.

2. Plaintiff, who owned this real property in Lee County, Florida, is a limited liability company authorized to do business in the State of Florida, and was otherwise sui juris and residing and domiciled in this judicial district. The property located at 2075 W. First Street, Fort Myers, Florida 33901 (hereinafter, "Property"), was insured against flood damages by the Defendant through the National Flood Insurance Program (hereinafter, "NFIP"), which is managed by FEMA.

3. Defendant is a Write-Your-Own Program insurance carrier (hereinafter, "WYO Company") participating in the NIFP, pursuant to the NFIA as amended, in Defendant's fiduciary capacity as a fiscal agent of the United States. Defendant is solely responsible for its obligations to its insureds under any flood insurance policies they write which are issued under the NIFP, pursuant to the NFIA.

4. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government or a WYO Company.

5. This Court has original exclusive jurisdiction to hear this action pursuant 42.S.C. § 4072 because the insured property is located in this judicial district.

6. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

7. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 as this judicial district is the locale where the cause of action accrued.

8. All conditions precedent have been satisfied, discharged or waived.

9. At all times material hereto, in consideration of the applicable premium, Defendant issued to Plaintiff a standard NFIP Policy bearing number 09 1152101050 01. A copy of the Policy declarations page is attached hereto as "EXHIBIT A".

10. Pursuant to 42 U.S.C. §§ 4071 and 4081 and 44 C.F.R. § 62.23, Defendant was and is responsible for the claims handling, adjustment, settlement, payment, and defense of all claims arising under the Policy.

**GENERAL ALLEGATIONS**

11. Plaintiff purchased the Policy from Defendant to insure the Property, including, but not limited to, damage to the structure and its contents therein, against physical damage resulting by or from flood. The Policy was in full force and effect on the date of loss and Plaintiff paid all premiums when due.

12. Between September 28 and September 29, 2022, Hurricane Ian made landfall as an extremely destructive Category Five (5) storm. It brought catastrophic flooding to the region and to Plaintiff's insured Property.

13. Upon information and belief, as a result of Hurricane Ian flooding, several feet of water flooded Plaintiff's Property and remained in the Property for a significant amount of time. Plaintiff's Property and contents therein were damaged or destroyed by the water with much rendered unsalvageable. Moisture saturation and contamination from prolonged duration and exposure of flood water necessitated excessive repairs to, among other things, the elevator system, doors, electrical systems, stairs, painting, and the fire alarm system.

14. Plaintiff timely filed a claim and notified Defendant of the Loss.

15. Defendant assigned claim number 22-0002845 to the Loss (hereinafter, "Claim").

16. Plaintiff fully cooperated in the investigation of the Claim.

17. Defendant was not prejudiced in its investigation of the Claim. In fact, Defendant had an adjuster inspect the Property

18. Thereafter, Defendant accepted coverage for the Claim but grossly undervalued the extent of the damages as a result of the Loss.

19. Plaintiff complied with the notice requirements of Fla. Stat. § 627.70152.

20. Plaintiff's Property sustained significant losses by and from flood as the result of Hurricane Ian.

21. Plaintiff has incurred and will incur significant expenses to repair and replace the flood-damaged structure and personal property inside.

22. Due to the insufficient evaluation of covered damages, Plaintiff was forced to retain an expert to document the covered damages sustained to the Property as a sole result of flood. Plaintiff's expert report thoroughly examines the damage to the Property and presents a detailed itemization of the losses, all of which are covered under the Policy. It reflects the proper and true cost to repair the flood damage covered under the Policy.

23. Plaintiff requested additional payment on the claim and submitted additional proof of the loss, along with supporting documentation to Defendant, but Defendant has failed to make payment as required under the terms of the Policy.

**CAUSE OF ACTION – BREACH OF CONTRACT**

Plaintiff incorporates the allegations set forth in paragraphs one (1) through twenty-three (23), as if fully set forth herein.

31. Plaintiff and Defendant entered into a contract when Plaintiff purchased, and Defendant issued the Policy. The Policy, at all times relevant and material to this case, provided insurance coverage to Plaintiff for, among other things, physical

damage to the Property caused by flood. See, 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

32. Plaintiff duly performed and fully complied with all the conditions of the Policy and conditions precedent to filing this Complaint, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent. See, 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

33. Plaintiff strictly complied with the proof of loss requirements required for payment on an SFIP claim and submitted it to Defendant within the deadline. See, 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VIII(J)(4).

34. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiff's claims.

35. Defendant failed to perform and materially breached its contractual obligations in the Policy by failing to make payment for all of the covered damages the flood caused to the property (see, 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I) for the Claim sufficient to return the Property to a pre-loss condition, as required by the Policy.

36. Defendant violated the NFIA, flood insurance rules and regulations, and Federal common law by, among other things:

a. Failing to fairly and timely adjust and pay on the flood claim at issue;

b. Failing to properly train and supervise its adjusters, claims examiners, representatives, and agents;

c. Failing to honor Plaintiff's satisfactory proof of loss;

d. Failing to provide its adjusters, claims examiners, representatives, and agents with proper and uniform materials with which to evaluate claims;

e. Failing to take into account the shortage of labor and contractors following Hurricane Ian;

f. Failing to take into account for the increase in labor, materials, costs, and time in evaluating Plaintiff's claim; and

g. Failing to inform the Plaintiff of flood policy limitations and exclusions.

See, 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I, III, IX.

37. Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

38. As the direct and proximate result of Defendant's breach, Plaintiff has been damaged in excess of the Policy limits and/or in an amount to be determined at trial.

39. As a direct and proximate cause of Defendant's acts and omissions, Plaintiff has been forced to retain the services of undersigned counsel and Defendant is responsible for paying reasonable attorney's fees pursuant to Florida Statutes § 627.70152.

40. Plaintiff demands a Jury Trial of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment for such amounts as Plaintiff may prove at trial, including actual and consequential damages as provided by law, and other and further relief to which this Court may deem just and proper.

Respectfully submitted,

HL LAW GROUP, P.A.

By: /s/ Terry L. Watson
Terry L. Watson, Esq.
Florida Bar No. 795003
Attorney for Plaintiff
2601 East Oakland Park Blvd., Suite 503
Fort Lauderdale, Florida 33306
Telephone: (954) 713-1212
Facsimile: (954) 760-4239
Primary: TWatson@HLLawGroup.com
Secondary: DJohnson@HLLawGroup.com
Service@HLLawGroup.com